

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION



F I L E D

MAY - 3 2012

CLERK'S OFFICE
U.S. DISTRICT OFFICE
EASTERN MICHIGAN

CARLOS MARTELL and
CAMILLE GLYNN,

      Plaintiffs,

v.                            Case No. 10-14896

IDS PROPERTY CASUALTY
INSURANCE CO.,

      Defendant.

_____/

# J U R Y   I N S T R U C T I O N S

MEMBERS OF THE JURY:

You have now heard all the evidence in the case.  It becomes my duty to give you the instructions of the court on the law that applies to this case.

It is your duty as jurors to follow the law as I state it in these instructions and to apply these rules of law to the facts as you find them to be from the evidence in the case.  You should not single out just one or a few of these instructions as stating the law, but you should consider all my instructions as a whole.

Also, you should not be concerned with the "wisdom" of any rule of law stated by the court.  Regardless of any personal opinion you might have as to what the law ought to be, it is your responsibility to accept the instruction as I give it to you.  It would be a violation of your sworn duty to base a verdict upon any view of the law other than the one I give you in these instructions; by the same token, it would be a violation of your

sworn duty to base your verdict upon anything other than the evidence you have actually seen and heard in the case.

I have told you before that I as the judge am independent of the parties here, and I have no stake in the outcome of this case. Nothing I say in these instructions is to be taken by you as an indication that I have any opinion about the facts of this case or what I think should be done with it. It is not my job to decide the facts in this case. That is yours alone to decide. But if, because of something I've said or done during the trial, you think I may have some opinion about the way the case should be decided, you should simply ignore it.

Justice, through trial by jury, depends upon the willingness of each individual juror to seek the truth from the facts based on the same evidence presented to all the jurors, and to arrive at a verdict by applying the same rules of law as given in the instructions of the Court.

## PROVINCE OF THE JURY

You have been sworn as jurors in this case to try the issues of fact presented by the charges in the complaint made by Plaintiffs and the answer made by Defendant.

You are to perform this duty without bias or prejudice as to either party. Just as I am independent of the parties here, so are you, now and in the future. Our system of law does not permit jurors to decide cases out of sympathy, bias, prejudice or in reaction to public opinion. Plaintiffs, Defendant, and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just and proper verdict, regardless of whatever consequences that may follow.

2

## FACTS TO BE DETERMINED FROM EVIDENCE

You will determine the facts only from the evidence received in open court. You are to apply the law to the facts and in this way decide the case. Sympathy must not influence your decision. In determining whether any fact has been proved, you shall consider all of the evidence bearing on that fact without regard to which party produced the evidence.

## EVIDENCE—DEFINITION

The evidence you are to consider consists of testimony of witnesses and exhibits offered and received. The receipt of evidence in court is governed by rules of law, and it is my duty as judge to rule on any questions that arise about the admissibility of evidence. You must not concern yourselves with the reasons for any rulings you may have heard me announce, and you must not consider any exhibit to which an objection was sustained or any testimony or exhibit that was ordered stricken.

## CREDIBILITY OF WITNESSES

Part of your job as jurors is to decide how believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or you can believe none of it at all (even if the witness has not been contradicted). But you should, of course, act reasonably and carefully in making these decisions.

I always suggest a few things for the jury to consider in evaluating each witness's testimony.

3

- Was the witness was able to clearly see or hear the events he was talking about?

- How good did the witness's memory seem to be?

- Did the witness seem able to accurately remember what happened?

- Was there anything that may have interfered with the witness's ability to perceive or remember the events?

- How did the witness look and act while testifying?

- Did the witness have any relationship to either side of the case, or anything to gain or lose, that might influence the witness's testimony?

- Did the witness have any bias, prejudice, or reason for testifying that might cause the witness to slant testimony in favor of one side or the other?

- Did the witness testify inconsistently while on the witness stand or say something elsewhere that is not consistent with what the witness said while testifying?  If you think that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  It may or may not.  For example, you might consider whether the inconsistency was understandable or explainable.  You might also ask yourself if it seemed like an insignificant or common mistake or if it seemed to indicate a deliberate attempt to mislead.

- Does the witness have a record of conviction for a crime punishable by imprisonment in excess of one year?  No witness is "disqualified" simply by such conviction, but you may wish to consider the witness's criminal record in evaluating how believable he or she is, especially if that witness is compared to another contrary witness with no such record.

4

- Finally, you might consider how believable the witness's testimony was in light of all the other evidence. In other words, was the witness's testimony supported or was it contradicted by other evidence that you found believable?

Ultimately, use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe and how much weight or significance you think it deserves.

### WEIGHING CONFLICTING EVIDENCE—NUMBER OF WITNESSES

Although you may consider the number of witnesses testifying on one side or the other when you weigh the evidence as to a particular fact, the number of witnesses alone should not persuade you if the testimony of the lesser number of witnesses is more convincing.

### PRIOR INCONSISTENT STATEMENT OF WITNESS

If you decide that a witness said something earlier that is not consistent with what the witness said in court, you may consider the earlier statement in deciding whether to believe the witness, but ordinarily you may not consider it as proof of a fact in this case.

However, there are exceptions. You may consider an earlier statement as proof of the facts in this case if: (1) the statement was made personally by a Plaintiff or Defendant; (2) the statement was given under oath subject to the penalty of perjury at a trial, hearing, or in a deposition; or (3) the witness adopted the statement and testified during the trial that the earlier statement was true.

## OPINION WITNESSES

Ordinarily witnesses must limit themselves to facts, and avoid stating their opinions, but here you have heard from one or more witnesses who, based upon their experience and qualifications in a given area, were properly permitted to state opinions on various matters in this case.

You may accept such opinions if you so choose, or reject them. You are not bound or required to follow the opinion of any such witness. You may consider the training and experience of such witnesses, the basis upon which their opinions were given and any other factors that shed light on the reliability of such opinions.

## ATTORNEYS' STATEMENTS NOT EVIDENCE; ADMISSION BY ATTORNEY

Arguments, statements, objections and remarks of an attorney are not evidence, and you should disregard anything said by an attorney which is not supported by evidence or by your own general knowledge and experience. However, an admission of a fact by an attorney is binding on his or her client.

## CIRCUMSTANTIAL EVIDENCE

It is not necessary that every fact be proven directly by a witness or an exhibit. A fact may be proven indirectly by other facts or circumstances, from which it usually and reasonably follows according to the common experience and observation of mankind. This is called circumstantial evidence, which you are to consider along with other evidence in the case.

## JURORS MAY TAKE INTO ACCOUNT ORDINARY EXPERIENCE
## AND OBSERVATIONS

You should consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to take into account whether any particular evidence seems reasonable and probable. However, if you have personal knowledge of any particular fact in this case such knowledge may not be used as evidence.

### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

The burden is ordinarily on a plaintiff in a civil action, such as this, to prove every essential element of his or her claim and to prove them by a preponderance of the evidence. The "elements" are the important ingredients of a claim. If the proof fails to establish any element of a plaintiff's claim by a preponderance of the evidence in the case, then the jury would find in favor of the defendant.

In this case, however, there is no doubt that Plaintiffs' basic claim is proven. The focus is upon Defendants, who have presented a response in the form of an "affirmative defense" of fraud and arson. An affirmative defense is one that a defendant is required to prove in order to succeed. It is almost as though Defendants are Plaintiffs in this sense, and must bear the burden of proof.

The Plaintiffs, however, always have the burden of proving their damages, that is the dollar amount calculations that add up to a judgment, if a judgement is to be granted in a particular case. The jury will reach the question of calculating damages if, and only if, the Defendants' affirmative defenses are not proven.

To prove something by a "preponderance of the evidence" means to prove that something is more likely true than not true. In other words, a "preponderance of the

7

evidence" means evidence which, when it is considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that whatever was sought to be proved is more likely true than not true.

You must consider all the evidence regardless of which party produced it.

In determining whether any fact in issue has been proved, by a preponderance of the evidence in the case or clearly and convincingly, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. So even though Plaintiffs, for example, may have the burden of proving something, you are not limited to considering just Plaintiffs' witnesses or documents. You may and should consider all the applicable evidence from whatever source.

## SUMMARY OF CLAIMS AND POSITIONS

I will give you a brief summary of the positions of the parties as I understand them to be. Of course, I am not endorsing the correctness of anything in these summaries.

Plaintiffs claim that Defendants breached the contract of insurance by refusing to pay the damage claims resulting from the fire at their insured residence. Plaintiffs claim a certain amount of damage to the structure, to personal property, and to some other elements associated with the structure.

Defendants have acknowledged that there was a policy of insurance that covered the residence and that there was a fire. Nonetheless, Defendants claim that they are not liable to pay any claim from damage done because of the behavior of one or both Plaintiffs. Specifically, Defendants claim that the fire was arson, that is an

8

intentionally set fire, and that one or both Plaintiffs were involved in setting or causing the fire to be set.  Also, Defendants claim that one or both Plaintiffs made materially false statements in pursuit of the insurance claim and engaged in fraudulent behavior. Defendants also disagree with the Plaintiffs' calculation of damages in various ways.

Plaintiffs deny that they engaged in wrongful behavior including arson and fraud.

Because all parties agree that Plaintiffs have met their burden to prove that 1) there was a policy of insurance covering the subject property and 2) there was a fire and attendant financial loss at the subject property, the focus is primarily on Defendants and their affirmative defenses.  Only if no affirmative defense is proved will the jury turn to the question of the dollar amount of any loss sustained.

### THE POLICY OF INSURANCE

The policy of insurance in the case provides as follows:

*Concealment or Fraud:  With respect to loss caused by fire, we do not provide coverage to the insured who has:*

    *a.    intentionally concealed or misrepresented any material fact or circumstance;*

    *b.    engaged in fraudulent conduct; or*

    *c.    made false statements*

*relating to this insurance and/or in connection with any accident or loss for which coverage is sought under this policy.*

### AFFIRMATIVE DEFENSES

An insurance company can avoid the consequence of being required to pay for the insured loss if it proves the defense of fraud (including false swearing), misrepresentation, or arson.

9

## FRAUD, MISREPRESENTATION, FALSE SWEARING

In order to prove fraud, misrepresentation, or false swearing, Defendants bear the burden of proving that one or both Plaintiffs submitted a false or fraudulent claim or engaged in making false statements under oath. Defendants may prove this defense if they prove that one or both Plaintiffs made a material misrepresentation as to the facts and circumstances surrounding the loss, or the claim of loss, or both. To establish fraud, Defendants have the burden of proving each of the following elements by the preponderance of the evidence:

1.      One or more Plaintiff made a representation of a material fact.

2.      The representation was false when it was made.

3.      Plaintiff either knew the representation was false when it was made, or made it recklessly. To make a statement "recklessly" is to assert something as fact without knowing whether or not it was true.

4.      Plaintiff made the representation with the intent that Defendants rely on it.

"Fraud" means something more than a mere mistake of fact, or an honest but inaccurate misstatement on the part of the insured. Fraud consists of knowingly and intentionally stating a fact that is not true or stating a fact to be true although the person stating it does not know if it is true and has no grounds to believe it is true.

"False swearing" consists of the same, that is, knowingly and intentionally making false statements of material fact with the intent that Defendants would rely upon it, while under oath.

A "material" fact is a fact that is of enough importance or consequence that Defendants would reasonably consider it in determining whether the loss occurred as

Plaintiffs reported it or in making a decision on whether or how to pay the claim. A material fact must be just that, a fact, and not an opinion, belief, speculation or prediction. A fact is something, past or present, that can be proved or disproved.

Although the language of criminality is used in cases such as these, this is not a criminal case, and Defendants are not required to prove the defenses of fraud, misrepresentation "beyond a reasonable doubt," as the government would in a criminal prosecution. Defendants need only prove one or more of their assertions by the familiar civil law standard, a "preponderance" of the evidence. Fraud or misrepresentation are considered proved if you believe it is more likely than not that the fraud or misrepresentation occurred or was attempted. Fraud or misrepresentation need not be proven by direct evidence. Circumstantial evidence may be used to prove these things.

Also, fraud is not proved by the mere fact that a loss was only somewhat less in dollar amount than the amount claimed in the preliminary proofs provided to an insurer.

*ARSON*

A Defendant insurer who asserts that insurance proceeds are not payable because the damage was caused by arson must prove the following propositions by a preponderance of the evidence:

1.   That the fire in this case was incendiary, that is, not accidental or
     caused by carelessness, and that either

2.   One or more Plaintiffs intentionally set the fire, or

3.   One or more Plaintiffs intentionally caused the fire to be set. To
     "cause" an act to occur is to intentionally bring it about. Motivating

11

another person to do an act, intending that the act be done, is to cause it to be done.

Arson may be proved with circumstantial as well as with direct evidence. All facts and circumstances as you find them to have been proved should be considered, as well as any reasonable or logical conclusions you may draw from such facts. The mere fact that there was fire damage to a building, of course, does not by itself mean that the origin was incendiary. "Motive" to cause an arson loss and "opportunity" to cause an arson are not necessary elements of the proof, but both may be considered in deciding whether arson has been proved.

### DAMAGES—CONSIDER ONLY IF NECESSARY; PROOF

If you do not find that Defendant's affirmative defense of fraud, misrepresentation, or arson has been proved, you will need to proceed and consider the question of Plaintiffs' damages. But, do not interpret the mere fact that I am giving instruction about damages as an indication that I in any way believe one or the other party should succeed in this case. I instruct you on damages only so that you will have guidance in the event you decide that Defendants have not proved their affirmative defenses and that Plaintiffs are entitled to recover money.

Damages, like any other element of this lawsuit, must be proven by a preponderance of the evidence, the burden being upon Plaintiffs to prove the damages by the preponderance of the evidence. In connection with the issue of damages, you may not resort to guess, speculation, or conjecture.

## MEASURE OF DAMAGES

Plaintiffs claim damages to their dwelling, other structures, contents, and entitlement to additional living expenses. If you decide that Plaintiffs are entitled to such damages, the amounts should be measured as follows.

### BUILDING

With respect to the claim for loss and damage, you will have to determine both the actual cash value of the dwelling as of the date of loss, and the cost of necessary repairs/replacement as of the date of the breach of contract. In determining the actual cash value of the dwelling, you may consider the replacement cost to repair the dwelling minus depreciation to determine the actual value on the date of loss. If you determine that the dwelling was a total loss which exceeds the limits of Plaintiffs' policy of insurance, you may award the Plaintiffs the total amount payable under the dwelling limits of their policy.

### CONTENTS

With respect to the contents damaged or destroyed on the date of loss, you will have to determine both the actual cash value of the damages as of the date of loss and the cost of necessary repairs or replacement as of the date of the breach of the contract.

### ACTUAL CASH VALUE AND REPLACEMENT COST

With respect to the determination of the actual cash value of the damages to the building and contents, you may consider any evidence logically tending to establish the value of the property at the time of the breach of the contract including its purchase

13

price, age, physical condition, all forms of depreciation, and/or obsolescence.  With respect to the evaluation of the cost to replace the property, any evidence logically tending to establish the cost to replace the property with material of like kind and quality may be considered.

### *LIVING EXPENSE*

The amount of additional living expense Plaintiffs are entitled to receive shall be decided by you based upon the evidence.  However, the amount awarded shall not exceed the twelve months set forth in the insurance contract.

### **UNANIMOUS VERDICT AND THE DUTY TO DELIBERATE**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

14

## JURY ROOM DELIBERATIONS—INTRODUCTION

I will explain a few things about your deliberations in the jury room, and your possible verdicts.  The first thing that you should do in the jury room is choose someone to be your Foreman.  This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to any jury officer or to me or to anyone else about the case.  We must communicate in writing.  Write down your message if you have one, sign it, and then give it to the jury officer.  He will give it to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Your messages should normally be sent to me through your Foreman.

One more thing about messages.  Do not ever write down or tell anyone, other than among yourselves, how you stand on your votes.  That should stay secret until you are finished.

## THE DELIBERATION PROCESS

Once you have elected your Foreman, you are free to proceed as you wish.  I will not direct you how to proceed, but I will offer a few suggestions that other juries have found helpful to get deliberations proceeding in an orderly fashion, to allow full participation by each juror, and to arrive at a verdict that is satisfactory to each juror.  First, I suggest that it be the responsibility of the Foreman to encourage good communication and participation by all jurors and to maintain fairness and order.  Your

Foreman should be willing and able to help you toward productive discussions even when disagreements arise.

Second, I suggest that the Foreman let each juror speak and be heard.

Third, I suggest that no juror should be permitted to promote his or her opinion of the evidence or a possible verdict by coercion, intimidation, or bullying.

Fourth, I suggest that you make certain that the deliberations are not artificially rushed to a conclusion.

You might consider choosing someone to tally whatever votes you take, help keep track of who has or has not spoken on the various issues, make certain that all of you are present whenever deliberations are underway, and otherwise assist the Foreman.

Some juries are tempted to start by holding a preliminary vote on the case to "see where we stand." I cannot prohibit you from doing that, but I suggest that it may be more advisable that you avoid taking even a preliminary vote before discussion is conducted on the issue to be voted on. If you vote before you discuss, you each run the risk of feeling as though you have committed yourself—or "locked yourself in" to a certain view—before you have heard and fairly considered alternative and possibly more reasonable interpretations of the evidence. Experience has shown that such early votes can lead to unnecessarily lengthy and inefficient debate.

Instead, I suggest that you begin your deliberations by establishing informal ground rules for how you will proceed. These rules should assure that you will focus upon, analyze, and evaluate the evidence fairly and efficiently and that the viewpoint of each juror is considered before any decisions are made.

You might agree to discuss the case in chronological order, according to the testimony of each witness, or in the order of these instructions.  Whatever order you select, however, it is advisable to be logical, to be consistent, and to avoid jumping from one topic to another.

To move the process of deliberation along in the event you reach a controversial issue, it may be wise to pass over it temporarily and move on to less controversial ones before coming back to it.  You should then continue through each issue in the order you have agreed upon, unless a majority of you agrees to change the order.

You may want to consider whether votes should be taken by written ballot instead of openly.  Experience shows that confidential voting, at least at first, helps focus on issues and helps to avoid being overly influenced by personalities.  Each of you should also consider any disagreement you have with another juror or jurors as an opportunity for improving the quality of your decision and therefore should treat each other with respect.  Any differences in your views should be discussed calmly, and if a break is needed for that purpose, it should be taken.

Each of you should listen attentively and openly to one another before making any judgment.  Try to avoid listening with only one ear while at the same time preparing a response.  Only after you have heard and understood what the other person is saying should you think about a response.  Obviously, this also means that, unlike some TV talk shows we all know about, you should try very hard not to shout, talk over one another, or interrupt.  If one juror seems to be going on and on, however, it should be the Foreman who suggests that the point has been made and it is time to hear from someone else.

17

Each of you has a right to your individual opinion, but you should be open to persuasion. If you focus your attention and best listening skills when another juror is speaking, the other juror will feel properly respected and, even while he may disagree, he will be more likely respect you in turn.

It helps if you are open to the possibility that you might be wrong or, at least, that you might change your mind about some issues after listening to other views. Misunderstanding can undermine your efforts. Seek clarification if you do not understand or if you think others are not talking about the same thing. From time to time the Foreman should set out the items on which you agree and those on which you have not yet reached agreement. Remember also that even when you agree, the evidence that leads you to a certain conclusion may well be different from the evidence that convinces another juror of exactly the same conclusion.

In spite of all your efforts, it is indeed possible that serious disagreements may arise. In that event, recognize and accept that "getting stuck" is sometimes part of the decision-making process. It is easy to fall into the trap of believing that there is something wrong with someone who is not ready to move toward what may be an emerging decision. Such a belief is not helpful. It can lead to focusing on personalities rather than the issues. It is best to be patient with one another. At such times slower turns out to be faster and more efficient. There is a natural tendency to want to set deadlines and seek to force decisions. Providing a break or more time and space, however, may help to shorten the process overall.

You may wish to express your mutual respect from time to time and to repeat your resolve to work through any differences. With such a commitment and mutual

18

respect, you are more likely to render a verdict that leaves each of you satisfied that you have indeed served the best interest of justice.

### JURORS MAY NOT EXPERIMENT, RESEARCH, OR INVESTIGATE

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  This means that you must not try to gather any information about the case on your own during the case or while you are deliberating.

You may not seek out or receive information about this case from any other source other than what you are presented in this courtroom.

For example, do not consult any books, dictionaries, or anything else with you to help you with your deliberations; do not conduct any independent investigation, research, reading, or writing about the case, including through online sources, as I emphasized to you at the beginning of the case.  DO NOT GOOGLE.

Fundamentally, this is to ensure that you will make your decision based only on the evidence that everyone saw and heard at the same time, right here in this courtroom.

### COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way.

19